IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABDULRAHMAN ABBAS ABDULLAH,

    Plaintiff,

    v.                                                                    No. 17-CV-793-WF/LF

MARIO ORTIZ; JESSE MENDEZ;
HECTOR BALDERAS; GENERAL COUNSEL
US DEPARTMENT OF HOMELAND SECURITY;
JAMES CONEY; JAMES McCAMENT

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT BALDERAS' MOTION TO DISMISS**

THIS MATTER comes before the Court on a Motion to Dismiss filed by Defendant Hector Balderas on September 6, 2017 (**Doc. 13**). Having reviewed the parties' briefs and applicable law, the Court finds that Defendant Balderas' motion is well-taken and, therefore, is granted.

## BACKGROUND

Mr. Abdullah, who is proceeding pro se, alleges that he has been waiting for United States Citizen and Immigration Services ("USCIS") to schedule an interview for his N-400 application for thirty-three (33) months. He has filed this lawsuit to compel Defendants to perform their duties in relation to the processing of his immigration application.[1] He brings this action pursuant to 8 U.S.C. §§1329, §1331 and 1361, and asserts federal jurisdiction under 5 U.S.C. §§555(b) ("Ancillary matters") and 704 of the Administrative Procedures Act ("APA"). According to the Complaint, Plaintiff is suing both federal and state Defendants: Mario Ortiz is

---

[1] Plaintiff's country of origin is Iraq. *See* Doc. 2 at 14.

the District Director of the Albuquerque Field Office of the USCIS; Jesse Mendez is the Albuquerque Field Office Director of the USCIS; Hector Balderas is the Attorney General of New Mexico; James Comey was the Director of the Federal Bureau of Investigation ("FBI") at the time relevant to the underlying incidents; and James McCament is the Deputy Director of USCIS. Plaintiff is also suing the Office of General Counsel of the U.S. Department of Homeland Security.

This motion pertains only to Defendant Balderas, the state Attorney General of the State of New Mexico, who advances two separate arguments for his dismissal from this lawsuit: (1) that as an employee of the State of New Mexico—and not the United States—he has no power or duty in regards to federal immigration matters; and (2) that he is protected from suit by state sovereign immunity afforded by the Eleventh Amendment of the United States Constitution as well as qualified immunity which shields government employees from suit when sued in their individual capacity.

## DISCUSSION

The Court finds good cause to grant Defendant Balderas' motion, for two reasons. First, Plaintiff has not responded to the motion, as required under this Court's local rules, and this constitutes Plaintiff's consent to grant the motion. *See* D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

Second, Plaintiff cites to U.S.C. § 1252 to suggest that Defendant Balderas as the Attorney General of the State of New Mexico, is responsible in some capacity for immigration

matters.² Section 1252 governs judicial review of orders of removal, and lists certain matters not subject to judicial review. It is not clear why this provision would have any application to this case, much less to the Attorney General of the state of New Mexico. On the other hand, 8 U.S.C. §1101(b) states that "[t]he term 'Attorney General' means the Attorney General of the *United States*'" and thus, Plaintiff's inclusion of the *state* Attorney General in this lawsuit concerning federal immigration law most likely represents an oversight by a pro se litigant.

Nevertheless, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This means that the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Defendant Balderas, as Attorney General of the State for New Mexico, has no power or duty over federal immigration matters. Consequently, there is no relief that Defendant Balderas can provide Plaintiff and thus, Plaintiff has failed to state a claim for which relief can be granted.

The Court need not address Defendant Balderas' other arguments based on sovereign and qualified immunity, in light of the Court's disposition of the motion on other grounds.

**IT IS THEREFORE ORDERED** that Defendant Balderas' Motion to Dismiss **(Doc. 13)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

---

² Section 1252 governs judicial review of orders of removal, and lists certain matters not subject to judicial review. It is not clear why this provision would have any application to this case, much less to the Attorney General of New Mexico.