# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ABDULRAHMAN ABBAS ABDULLAH,

    Plaintiff,

    v.                                                                                             17-CV-793-WJ/LF

MARIO ORTIZ; JESSE MENDEZ;
HECTOR BALDERAS; GENERAL COUNSEL
US DEPARTMENT OF HOMELAND SECURITY;
JAMES CONEY; JAMES McCAMENT

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT AS MOOT

THIS MATTER comes before the Court upon a Motion to Dismiss Plaintiff's Civil Rights Complaint as Moot, filed by the Federal Defendants on December 11, 2017 **(Doc. 22)**. Mr. Abdullah, who is proceeding pro se, alleges that he has been waiting for United States Citizen and Immigration Services ("USCIS") to schedule an interview for his N-400 application for thirty-three (33) months. He has filed this lawsuit to compel Defendants to perform their duties in relation to the processing of his immigration application.

In the instant motion, the Federal Defendants state that the USCIS has adjudicated and approved Plaintiff's naturalization application and seek dismissal based on mootness.[1] They filed this motion after unsuccessful attempts to contact Plaintiff asking him to voluntarily dismiss his Complaint. Defendants also note that Plaintiff was scheduled for an oath ceremony on December 29, 2017, but the notice for that ceremony had not yet been generated at the time

---

[1] The Court recently granted a motion to dismiss filed by Defendant Balderas, who is the Attorney General of the State of New Mexico on the grounds that this state defendant has no responsibility for immigration matters under 8 U.S.C. §1252. See Doc. 21.

Defendants filed the motion, although it was mailed to Mr. Abdullah between December 12 and December 15, 2017.

Plaintiff has not filed a response to Defendants' motion, and under this Court's local rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ.7.1(b). Thus, Defendants' motion may be granted on this basis alone, although the Court finds it preferable to grant dismissal on the basis requested by Defendants.

According to the exhibits presented by Defendants in their motion, Mr. Abdullah's naturalization application has been adjudicated and approved. *See* Doc. 22-2 (Approved N-440). As a result, the Court finds that it no longer has jurisdiction over this case. The matter has become moot now that Plaintiff has been afforded the full relief he sought in his lawsuit. *See Massachusetts v. E.P.A.,* 549 U.S. 497, 516 (2007) ("For a case or controversy to be justiciable, it must involve "questions presented in an adversary context and . . . capable of resolution through the judicial process."). Further, because mootness is a threshold issue that is required "at all stages of federal judicial proceedings," a plaintiff cannot maintain a lawsuit even if the relief was obtained after the filing of his complaint. *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (citation omitted).

Accordingly, the Court GRANTS the Federal Defendants' motion to dismiss this lawsuit as moot. A Rule 58 Judgment will be entered separately.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE